# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JESUS GONZALEZ-QUEZADA,<br><br>Petitioner,<br><br>v.<br><br>ELDON VAIL,<br><br>Respondent. | NO. C09-168-RAJ-JPD<br><br>REPORT AND RECOMMENDATION REGARDING UNEXHAUSTED CLAIMS |

The Court directed petitioner Jesus Gonzalez-Quezada to file supplemental briefing regarding how he would choose to proceed should some of the claims in his 28 U.S.C. § 2254 habeas petition be deemed unexhausted. (Dkt. 18.) Mr. Gonzalez stated that he sought to delete the unexhausted claims and to proceed with the exhausted claims. (Dkt. 19, at 1–2.) The Court finds that Mr. Gonzalez-Quezada has failed to exhaust a number of claims. The Court therefore recommends that the unexhausted claims enumerated below be dismissed without prejudice and that respondent be directed to file briefing that substantively responds to the remaining exhausted claims within thirty (30) days of the date of the order adopting this report and recommendation, to be noted for consideration on the fourth Friday after filing, the same day that any reply by Mr. Gonzalez-Quezada will be due.

REPORT AND RECOMMENDATION
REGARDING UNEXHAUSTED CLAIMS - 1

# BACKGROUND

Mr. Gonzalez-Quezada seeks relief from judgment for his conviction on possession of stolen property, driving under the influence, and two counts of hit-and-run. (Dkt. 4, at 1; Dkt. 16-2, at 1.) The Washington Court of Appeals summarized the facts underlying his conviction as follows:

> On May 2, 2006, someone stole Lucas Splitbager's van. Splitbager immediately reported the theft to the police. Minutes later, witnesses saw Jesus Gonzalez-Quezada drive the van erratically, hit several cars, and try to run away. A witness caught Gonzalez-Quezada and brought him back to the van. The witnesses flagged down a police officer, who learned that the van had been stolen. The State charged Gonzalez-Quezada with first degree possession of stolen property.
>
> Prior to trial, Gonzalez-Quezada made several motions to represent himself. The trial court denied the first three motions, although the court granted one of the motions to dismiss trial counsel and appointed new counsel. The trial court granted Gonzalez-Quezada's fourth motion to proceed pro se. The State amended the information adding charges for driving under the influence, hit and run-attended, and hit and run-unattended. A jury found Gonzalez-Quezada guilty as charged.

*State v. Gonzalez-Quezada*, 2008 WL 2332599, at *1 (Wash. Ct. App. June 9, 2008). On direct appeal, Mr. Gonzalez-Quezada's counsel filed an opening brief setting forth two assignments of error. (Dkt. 12 (AR (Administrative Record, hereinafter "AR")), Ex. 3, at 1.) Mr. Gonzalez-Quezada moved four times to withdraw the opening brief. (*See, e.g.*, AR, Ex. 4; *see* AR, Ex. 5.) The Clerk denied this request but advised Mr. Gonzalez-Quezada that he could file a *pro se* statement of additional grounds for relief. (AR, Ex. 5.) Mr. Gonzalez-Quezada's two statements of additional grounds set forth seven grounds for relief. (AR, Ex. 8, at 7, 8, 10, 12, 13, 15, 17–19; AR, Ex. 9, at 10, 12, 13, 15, 16, 17, 20–23.) The Washington Court of Appeals denied Mr. Gonzalez-Quezada's many motions to have the American Civil Liberties Union monitor the appeal but did so without prejudice to him seeking the ACLU's assistance. (AR, Exs. 11–14.) In the end, the Washington Court of Appeals affirmed Mr. Gonzalez-

Quezada's conviction and denied all of his *pro se* claims for relief. *Gonzalez-Quezada*, 2008 WL 2332599, at *1–*3.

Mr. Gonzalez-Quezada petitioned for review before the Washington Supreme Court. In his petition, he raised essentially the same claims as in his *pro se* statements of additional grounds, except that he expanded his third claim to include additional issues under the umbrella of ways in which he was prevented from preparing and presenting a defense. (AR, Ex. 17, at 10, 13, 17, 21, 23, 27, 30–35.) The Washington Supreme Court denied review, (AR, Ex. 18), and the Washington Court of Appeals issued its mandate on February 4, 2009, (AR, Ex. 19).

In May 2007, while his appeal was pending, Mr. Gonzalez-Quezada filed a state personal restraint petition ("PRP"). (AR, Ex. 20.) In the PRP, he alleged that there was a conspiracy between the judges, prosecutor, and defense attorneys, that the court records had been tampered with, and that he was unlawfully sentenced and confined. (*Id* at 1–2.) The PRP was dismissed, however, because Mr. Gonzalez-Quezada failed to provide a finance statement or pay the filing fee. (AR, Ex. 21.) The Washington Court of Appeals denied his motion to modify the ruling, (AR, Ex. 23), and issued its Certificate of Finality on the PRP on December 5, 2007, (AR, Ex. 24).

In February 2009, Mr. Gonzalez-Quezada filed his habeas petition. (Dkt. 1.) The Court sought supplemental briefing from both parties on a jurisdictional issue and from Mr. Gonzalez-Quezada regarding how he chose to proceed should the petition be deemed a "mixed petition" of exhausted and unexhausted claims. (Dkts. 14, 18.) Respondent has yet to address substantively those claims that the parties agree to be fully exhausted.

**GROUNDS PRESENTED**

Mr. Gonzalez-Quezada presents the following grounds for habeas corpus relief:

1. The trial court erred by denying Mr. Gonzalez-Quezada's right to proceed *pro se* four times, (Dkt. 4, at 5–6);

2. His right to a speedy trial was violated by two illegal continuances, (Dkt. 4, at 7–8);
3. The trial court erred by preventing him from preparing and presenting a defense, (Dkt. 4, at 10–11) by:
    (a) Engaging in a conspiracy with the prosecution and the defense to inhibit his participation and keep information from him;
    (b) Denying his motions to proceed *pro se* until the trial date;
    (c) Denying access to the law library or law books before the trial;
    (d) Preventing him from giving his opening statements;
    (e) Granting a motion to amend the Information to add three counts on the day of the trial; and
    (f) Denying him the right to investigate the credibility of the witnesses before trial;
4. The trial court abused its discretion by denying his motion to dismiss, (Dkt. 4, at 13–14);
5. The trial court tampered with the civilian witnesses, (Dkt. 4, at 16–17);
6. False evidence, (Dkt. 4, at 18–19);
7. Due Process violations, (Dkt. 4, at 20–21):
    (a) He was not allowed to proceed *pro se* because defense counsel assisted in framing Mr. Gonzalez-Quezada;
    (b) The Speedy Trial Act was violated because the prosecutor needed additional time to frame him;
    (c) He was prevented from preparing and presenting a defense because he was allowed to proceed *pro se* only on the day of the trial;
    (d) He was prevented from giving his opening statement about how public defenders are part of the prosecution team;
    (e) Ineffective assistance of appellate counsel who filed only two assignments of error when there were many more to be found; and

(f) The Washington Court of Appeals denied him his right to appeal by ignoring all of his grounds for appeal;

8. Conspiracy of the trial and appellate judges as well as the prosecutors and defense counsel, (Dkt. 4, at 22–23);

9. The trial court violated the appearance of fairness doctrine, (Dkt. 4, at 24–25);

10. Unfair trial, (Dkt. 4, at 26–27):

    (a) Denied the right to an attorney and the opportunity to prepare for trial;

    (b) Conflict of interest with attorney created a constitutional right to self-representation;

    (c) Constitutional right to law books for a *pro se* litigant;

    (d) Failure to notify *pro se* defendant of additional counts in advance;

    (e) Constitutional right to give and opening statement;

    (f) Constitutional right to investigate the credibility of witnesses; and

    (g) Constitutional right to have the court not tamper with civilian witnesses.

## DISCUSSION

Respondent contends that Mr. Gonzalez-Quezada failed to exhaust the following in the manner the claims have been presented in his habeas petition: Issues 3(b)–(d); and Grounds 4, 5, 7, 8, 9, and 10. (Dkt. 10, at 7–10.) Respondent notes, however, that certain unexhausted grounds—specifically, Issues 7(a)–(d) and (f), Ground 9, and Issues 10(a), (d), (f), and (g)—have already been presented elsewhere in other exhausted grounds for relief and therefore will be considered regardless. (*Id.* at 10 nn.1–2.) Mr. Gonzalez-Quezada replies by stating that respondent's lack of exhaustion argument serves as nothing more than a delay tactic that advances the conspiracy of the legal system against him. (Dkt. 13, at 1.) Respondent is correct except as to Issue 7(e), which has been fully exhausted as a Sixth Amendment ineffective assistance of counsel claim. Because Mr. Gonzalez-Quezada has stated a preference for deleting any unexhausted claims and proceeding with his exhausted claims, (Dkt. 19, at 1–2),

the Court recommends dismissing the unexhausted claims (Issues 3(b)–(d) and Issues 7(a)–(d) and (f); and Grounds 4, 5, 8, 9, and 10) without prejudice and directing Respondent to file an answer that substantively addresses the remaining exhausted claims within thirty (30) days of the date of the order adopting this report and recommendation. Thereafter, Mr. Gonzalez-Quezada should be afforded the opportunity to file a reply due on the noting date.

**I.      Exhaustion of State Remedies**

The exhaustion of state judicial remedies is ordinarily a prerequisite to obtaining federal habeas corpus relief. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy exhaustion by either (1) fairly presenting each federal claim to the highest state court with jurisdiction to consider it, or (2) showing that no state remedy is available. *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a petitioner presents a claim for the first and only time in a procedural context in which its merits will not be considered absent special circumstances, the petitioner has not fairly presented the claim to the state courts. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). If, however, the highest state court considers the merits of the claim, then exhaustion is satisfied. *Greene v. Lambert*, 288 F.3d 1081, 1087–88 (9th Cir. 2002). A petitioner does not exhaust state remedies by generally appealing to a broad constitutional provision alone. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (citing *Anderson v. Harless*, 459 U.S. 4, 7 (1982) (per curiam)); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). In order to present the substance of a claim to a state court, the petitioner must reference a specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief. *See Gray*, 518 U.S. at 162-63. Additionally, a petitioner who cites one clause of a constitutional amendment does not exhaust a claim under a different clause of the same constitutional amendment. *See Picard*, 404 U.S. at 276-77.

Mr. Gonzalez-Quezada did not fairly present Grounds 4, 5, 8, 9, and 10, and Issues 7(a)–(d) and (f) to the Washington Court of Appeals or the Washington Supreme Court because he stated different kinds of violations before the state courts. With respect to Grounds 4, 5, 8, and 9, he cited state statutory and case law, materials not relevant to federal constitutional questions, or blanket generalities. (Ground 4: AR, Ex. 8, at 12–13; AR, Ex. 9, at 15; AR, Ex. 17, at 21–22; Ground 5: AR, Ex. 8, at 13–14; AR, Ex. 9, at 16–17; AR, Ex. 17, at 23–26; Ground 8: AR, Ex. 8, at 18–19; AR, Ex. 9, at 21–22; AR, Ex. 17, at 32–33; Ground 9: AR, Ex. 8, at 19; AR, Ex. 9, at 22; AR, Ex. 17, at 34.) With respect to Issues 7(a)–(d) and (f) and Ground 10, those issues were not presented as the same constitutional violations before the state courts and so are not exhausted on that basis. (Issues 7(a)–(d) and (f): AR, Ex. 8, at 18; AR, Ex. 19, at 21; AR, Ex. 17, at 31–32; Ground 10: AR, Ex. 8, at 19; AR, Ex. 9, at 22; AR Ex. 17, at 34.) Mr. Gonzalez has failed to exhaust his state remedies with respect to Grounds 4, 5, 8, 9, and 10, and Issues 7(a)–(d) and (f).

Mr. Gonzalez-Quezada has failed to exhaust Issues 3(b)–(d) for a different reason, namely, because he presented these issues for the first time in his petition for review by the Washington Supreme Court, and that court declined to exercise discretionary review of the petition by citing a procedural rule rather than by considering the merits. In *Castille v. Peoples*, the United States Supreme Court stated that raising federal constitutional claims in this manner—"where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,'"—does not constitute "fair presentation." 489 U.S. at 351 (quoting Pennsylvania's rule of appellate procedure with respect to discretionary review by the state's high court). The Ninth Circuit has clarified that a state court's denial of a habeas petition on procedural grounds does not exhaust state remedies, while denial of a habeas petition on the merits does exhaust state remedies. *See Chambers v. McDaniel*, 549 F.3d 1191, 1197–98 (9th Cir. 2008); *Greene*, 288 F.3d at 1087. Although a federal habeas court must construe an

ambiguous state court response as acting on the merits of the claim, a clear indicator of the state court having denied a petition for review on procedural grounds is "citation of an authority which indicates that the petition was procedurally deficient." *Chambers*, 549 F.3d at 1197 (quoting *Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc)) (internal quotation marks omitted). In denying Mr. Gonzalez-Quezada's petition for review, the Washington Supreme Court did just that. The state court cited only to Washington Rule of Appellate Procedure 13.4(b), which provides that such a petition will be accepted only:

> (1) If the decision of the Court of Appeals is in conflict with a decision of the Supreme Court; or (2) If the decision of the Court of Appeals is in conflict with another decision of the Court of Appeals; or (3) If a significant question of law under the Constitution of the State of Washington or of the United States is involved; or (4) If the petition involves an issue of substantial public interest that should be determined by the Supreme Court.

Wash. R. App. P. 13.4(b). Issues 3(b)–(d) fall squarely into the *Castille* decision's definition of unexhausted claims that have not been fairly presented to the state courts because the state's high court denied discretionary review on procedural grounds rather than on the merits.

Contrary to respondent's assertion, Mr. Gonzalez has, however, exhausted Issue 7(e): his claimed violation of his Sixth Amendment right to effective assistance of appellate counsel. "[F]or the purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions." *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003). While it is true that Mr. Gonzalez-Quezada erroneously listed this claim under headings for cumulative error and due process, and called his claim "inefficient assistance of counsel," his factual allegations and explicit references to "USCA VI" and an analogous state constitutional provision show that he was invoking a Sixth Amendment right to effective assistance of counsel, and no reasonable court would conclude otherwise. (AR, Ex. 8, at 17–18; AR, Ex. 17, at 31.) Mr. Gonzalez-Quezada has properly exhausted Issue 7(e), and this Court sitting in habeas may review his Sixth Amendment claim of ineffective assistance of counsel on the merits. Respondent does

not dispute that Mr. Gonzalez-Quezada has properly exhausted Issues 3(a) and (e)–(f), and Grounds 1, 2, and 6.

## II. Dismissing Unexhausted Claims from a Mixed Petition

The Court has several options when confronted with a mixed habeas petition, such as Mr. Gonzalez-Quezada's, containing exhausted and unexhausted claims: (1) dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition; and (3) allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005). Mr. Gonzalez-Quezada chooses to abandon his unexhausted claims and to proceed with his exhausted ones, having been informed by the Court that doing so means encountering high procedural hurdles should he bring a second or successive habeas petition that challenges the same underlying convictions. (Dkt. 18, at 2; Dkt. 19, at 1–2); *see Burton v. Stewart*, 549 U.S. 147, 154 (2007) (noting that habeas petitioners proceeding with only exhausted claims may risk subjecting later petitions that raise new claims to rigorous procedural obstacles); *Cooper v. Calderon,* 274 F.3d 1270, 1272-73 (9th Cir.2001) (per curiam) (noting that the relevant statutes greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications); 28 U.S.C. § 2244(b) (providing that a claim presented in a second or successive § 2254 habeas petition "shall" be dismissed unless certain substantive and procedural requirements are met).

The Court recommends that the following unexhausted claims be dismissed without prejudice from the petition and this case: Issues 3(b)–(d); Issues 7(a)–(d) and (f); and Grounds 4, 5, 8, 9, and 10. The Court recommends that the remaining exhausted claims be permitted to proceed: Issues 3(a) and (e)–(f); Issue 7(e); and Grounds 1, 2, and 6. Because respondent has

yet to address substantively the exhausted claims, the Court recommends that respondent be directed to file a brief that does so to be followed by an optional reply by Mr. Gonzalez-Quezada.

**CONCLUSION**

The Court recommends that the following unexhausted claims be dismissed without prejudice from the habeas petition and this case: Issues 3(b)–(d); Issues 7(a)–(d) and (f); and Grounds 4, 5, 8, 9, and 10. The Court also recommends that respondent be directed to file briefing that substantively responds to the remaining exhausted claims within thirty (30) days of the date of the order adopting this report and recommendation, to be noted for consideration on the fourth Friday after filing, the same day that any reply by Mr. Gonzalez-Quezada will be due.

DATED this 2nd day of September, 2009.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge